PLANNED PARENTHOOD OF METRO-
POLITAN WASHINGTON, D.C.,
INC., Plaintiff,

v.

Constance J. HORNER, Defendant.

Civ. A. No. 86–2584.

United States District Court,
District of Columbia.

Sept. 19, 1986.

Walter B. Slocombe, Geoffrey Judd Vitt, Julia L. Porter, Caplin & Drysdale, Washington, D.C., for plaintiff.

Asst. U.S. Attys. John W. Bates and Mark E. Nagle, Washington, D.C., for defendant.

## OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

■ Plaintiff Planned Parenthood of Metropolitan Washington, D.C., Inc. (PPMW), an independent affiliate of Planned Parenthood Federation of America, Inc. (PPFA), brings this action challenging its exclusion from the Combined Federal Campaign (CFC) of the National Capital Area. Plaintiff PPMW participated in the 1985 CFC for the National Capital Area, and claims that its exclusion from this year's CFC violates federal law and is part of an unlawful campaign of discrimination undertaken by the Office of Personnel Management (OPM). Plaintiff initially sought immediate injunctive relief in the form of a temporary restraining order. The parties subsequently agreed, however, that, because this year's campaign is due to commence shortly,[1] a grant or denial of temporary relief would, in essence, constitute a final disposition of this case. Accordingly, an expedited hearing was held on the merits of plaintiff's claims.

---

1. The local 1986 CFC is scheduled to commence September 25, 1986, and printing of the brochures for the campaign has already begun. Plaintiff has appealed its exclusion administratively, but defendant concedes that neither the local CFC coordinating committee nor OPM are required to resolve that appeal within any specified time period. In addition, defendant argues that any such appeal will be decided on the basis of OPM's long-standing policy prohibiting dual listings. Thus, because plaintiff is unlikely to prevail on its appeal and, more importantly, because it is quite likely that even if plaintiff did prevail, defendant would be unable to remedy the exclusion, this Court declines to await the outcome of the administrative appeals process.

In 1985, plaintiff applied for the first time for admission to the National Capital Area, or local, CFC. At the eligibility committee meeting, an OPM representative objected to PPMW's inclusion on the grounds that the listing of both PPMW and PPFA would violate the "rule" against dual listing of related charitable entities. The OPM representative stated that while the regulations were silent on the question of dual listings, it was OPM's preference to prohibit them. Affidavit of Lauren Selden at ¶ 4, PX 1. The Local Federal Coordinating Committee of the National Capital Area CFC, which administers the local campaign, rejected OPM's objection, stating that there was no such rule and that other affiliates of national organizations were admitted. *Id.* at ¶ 5. The local committee directed that both PPMW and PPFA be included, and both subsequently participated in the 1985 CFC.

By letter dated September 30, 1985, defendant Constance Horner wrote the local committee to advise it that "long-standing CFC policy" prohibited dual listings of the kind the local had permitted. DX 2 at 1. Citing a 1983 OPM document entitled CFC Memorandum 83–3, defendant wrote that "[t]he guidance on this matter issued by OPM in 1983 remains intact notwithstanding several changes in other aspects of the CFC groundrules." *Id.* In view of the fact, however, that the 1985 CFC brochures had been printed and the campaign was about to begin, defendant stated that she would not require a reprinting of all brochures but warned that future compliance with OPM's policy would be expected. *Id.* at 2.

In April, 1986, OPM published in the Federal Register the final regulations that were to govern the 1986 CFC. Among them was a regulation proscribing dual listing, which provided that:

> No voluntary agency shall be listed more than once on the Contributor's Information Leaflet. Listing of both a voluntary agency and its local affiliate or other subunit is prohibited even if the local affiliate or other subunit applies separately for admission into a local Campaign. The parent voluntary agency

shall determine whether the parent of its local affiliate or other subunit shall be listed.

5 C.F.R. § 950.403(b) (1986). This prohibition was reiterated in CFC Memorandum 86–4, which cited the April, 1986 regulation. Shortly thereafter, plaintiff submitted its application for admission to the local 1986 campaign, but the local committee took no action on the application.

On July 2, 1986, the President signed into law P.L. 99–349, the Urgent Supplemental Appropriations Act of 1986. Section 204 of the Act, the so-called Hoyer Amendment, states:

> None of the funds appropriated by this Act or any other Act shall be used for preparing, promulgating or implementing new regulations dealing with organization participation in the 1986 Combined Federal Campaign other than re-promulgating and implementing the 1984 and 1985 Combined Federal Campaign regulations, unless such regulations provide that any charitable organization which participated in any prior campaign shall be allowed to participate in the 1986 campaign.

On August 19, 1986, OPM issued CFC Memorandum 86–6, in which it stated that it would conduct the upcoming CFC in accordance with regulations published in the Federal Register on August 18, 1984. Unlike the April, 1986 regulations, the 1984 regulations contain no prohibition on dual listings.

In response to CFC Memorandum 86–6, the local coordinating committee notified all applicants that they would have to reapply in order to participate in the 1986 campaign. PPMW submitted its second application on September 4, 1986. Twelve days later, the Advisory Committee to the local coordinating committee informed plaintiff at a public meeting that its application had been denied. The reason given for PPMW's exclusion was that OPM regulations prohibited a national organization and its local affiliate from participating in the same local campaign, and that because PPFA had been admitted, PPMW had to be

excluded. Plaintiff filed an administrative appeal of this decision on September 17, 1986, and simultaneously contacted OPM to determine if the printing of brochures could be delayed until its appeal was resolved. At 6:00 p.m. on the evening of the 17th, OPM advised counsel for plaintiff that the printing had begun. Plaintiff brought this suit the following morning.

█ The parties devoted much of their argument at the hearing to the relationship of PPMW and PPFA, and whether or not similarly situated national organizations and their local affiliates were treated comparably by the local committee. The Court finds it unnecessary to address these contentions, however, as this case is controlled by the terms of the Hoyer Amendment itself. Section 204 makes clear that, except for regulations that simply repromulgate or implement the 1984 or 1985 CFC regulations, no new regulations may be prepared, promulgated or implemented "unless such regulations provide that any charitable organization which participated in any prior campaign shall be allowed to participate in the 1986 campaign." It is undisputed that PPMW participated in last year's campaign. The 1986 regulations, published in April, prohibited dual listings, while the 1984 regulations contained no such prohibition. Since the 1986 regulation on dual listings is not simply a repromulgation or re-implementation of the 1984 regulations, and because this new regulation does not provide for the renewed participation of PPMW, but rather operates to exclude this prior participant, it is invalid under the Hoyer Amendment.

Defendant argues in response that the prohibition on dual listings is not actually new at all, but is instead a longstanding policy of at least three years' vintage. She cites, as evidence of the prohibition's longevity, the 1983 memorandum, CFC Memorandum 83–3; her own letter of September 30, 1985, which refers to the aforementioned document; and a letter from OPM's general counsel to the chairman of the local committee, written the morning of September 18, 1986, the very day plaintiff initiated this action and its merits were argued. None of these documents, however, provide the support defendant would have the Court find in them. Indeed, they unmistakably demonstrate that no "regulation" barred dual listings in 1983, 1984 or 1985. Rather, OPM had a "policy" against such listings. CFC Memorandum 83–3 is itself not a regulation but a memorandum on "CFC Administrative and *Policy* Matters." DX 3 at 1 (emphasis supplied). It simply states that the "listing and participation of the national organization and its affiliate ... is not permitted," *id.* at 2, but cites no regulatory or statutory authority for such a prohibition. Defendant's Spetember 30, 1985 letter characterizes CFC Memorandum 83–3 as *"written guidance* issued ... in 1983" that embodies OPM's "long-standing CFC *policy."* DX 2 at 1 (emphasis supplied). The letter warns that "the *policy* at issue here is vitally important, and the integrity of that *policy* ... must be firmly upheld." *Id.* at 2 (emphasis supplied). Finally, General Counsel Hewitt's letter cites CFC Memorandum 83–3 as the agency's articulation of the dual listings prohibition and states that "OPM *policy* has not changed." DX 1 (emphasis supplied).

The difference between an administrative "policy" and a "regulation" is not merely one of semantics. Regulations are promulgated after public notice and comment, and final regulations are codified in the Code of Federal Regulations. The policy defendant relies on was not the subject of such procedures, and appeared nowhere in the Code of Federal Regulations until April, 1986.[2] As such, it is a "new regulation" within the meaning of section 204, and, because it excludes a past CFC participant, it is invalid under that Act.

Although defendant did not advance such an argument at the hearing, in a further consideration it might also be contended that the prohibition is not now a "regula-

---

**2.** Indeed, if CFC Memorandum 83–3 had previously been deemed a "regulation," OPM would not have had to draft 5 C.F.R. § 950.403(b) in

the first place, since the April, 1986 regulation would have been a mere redundancy.

 

tion" but a policy that, as such, falls outside the purview of section 204, which prohibits certain new regulations but says nothing of policies, new or old. Such an argument would be unavailing for two reasons. First, the plaintiff stated, and defendant did not deny, that the "reason given for [PPMW's exclusion] was that *the OPM regulations reflected in OPM's CFC Memorandum No. 86–4* prohibited a national organization and its local affiliate from participating in the same local campaign...." Complaint at ¶ 18 (emphasis supplied). CFC Memorandum 86–4 simply reiterated the prohibition set out at 5 C.F.R. § 950.403(b), and cited that regulation as authority for the prohibition. Thus, as a factual matter, plaintiff's exclusion was accomplished through the 1986 regulation—a "new regulation" within the meaning of section 204. In addition, even if plaintiff's exclusion had not been justified by recitation of the 1986 regulations, and instead had been defended on the basis of a policy, whether new or old, such an exclusion would still be invalid. OPM is not free to do through formal or informal policy that which it is prohibited from doing by regulation. Congress stated that the 1986 CFC is to be governed by the 1984 and 1985 regulations. Those regulations contained no prohibition on dual listings. OPM's attempt to promulgate such a prohibition in April 1986 was blocked by section 204. The agency cannot now accomplish the same end by arguing that it is simply implementing a long-standing policy.

For all the foregoing reasons the Court finds that PPMW's exclusion from the local 1986 CFC violates section 204 of the Urgent Supplemental Appropriations Act.

Accordingly, it is this 19th day of September, 1986

ORDERED that the defendant and her agents, including the Local Coordinating Committee of the Combined Federal Campaign of the National Capital Area, are enjoined from denying PPMW admission to the 1986 Combined Federal Campaign of the National Capital Area and excluding

PPMW from the brochure for the Campaign of the National Capital Area.

This case stands dismissed.